UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EMMANUEL J. QUARLES,                                                              Plaintiff,

v.                                                         Civil Action No. 3:15-cv-372-DJH

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,                                        Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Hartford Life & Accident Insurance Company has moved for judgment on the pleadings with respect to Plaintiff Emmanuel J. Quarles's 29 U.S.C. § 1132(a)(3) claim under the Employee Retirement Income Security Act (ERISA). (Docket No. 26) Quarles argues that he did not make a 29 U.S.C. § 1132(a)(3) claim, but instead simply seeks a remedy provided by § 1132(a)(3). (D.N. 27, PageID # 797) The Court disagrees and will dismiss Quarles's § 1132(a)(3) claim because he has not alleged an injury meriting damages under § 1132(a)(3).

### I.     BACKGROUND

The following facts are set forth in the complaint. Hartford provided long-term disability insurance to Quarles pursuant to a group disability, life, and accident insurance policy. (D.N. 1, PageID # 2) Quarles stopped working in November 2012 due to "physical restrictions and limitations"; he claims to remain disabled and eligible for benefits under the policy. (*Id.*) Hartford paid disability benefits to Quarles from November 2012 through August 2014, at which point Hartford terminated his disability benefits. (*Id.*) Quarles appealed, but Hartford denied his appeal. (*Id.*)

1

Quarles sued, claiming that Hartford failed "to consider the evidence he submitted in support of his appeal;" failed "to advise [him] of any information needed to approve his appeal;" failed "to provide a full and fair review;" and failed "to provide an appeal review that was wholly independent of the claim denial." (*Id*.) Ultimately, Quarles asserts that Hartford did not reach an accurate decision. (*Id*., PageID # 3)

In the section of his complaint labeled "Claims," Quarles asserts that "29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) are the enforcement mechanisms permitting [him] to enforce the contractual terms of the insurance policies, to obtain past benefits, to obtain reinstatement of future disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge." (*Id*.) Hartford concedes that Quarles adequately alleges a claim for benefits under § 1132(a)(1)(B) (D.N. 26-1, PageID # 782), but claims that Quarles cannot bring a § 1132(a)(3) claim because it is based on "identical underlying factual allegations and the same 'injury'—denial of benefits." (*Id*., PageID # 778)

## II. STANDARD

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Coma Ins. Agency v. Safeco Ins. Co.*, 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* It is factual allegations that are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion for judgment on the pleadings. *Id.* at 679; *see Coma Ins. Agency*, 526 F. App'x at 467.

### III.  DISCUSSION

The Court concludes that Quarles has made two separate claims: a § 1132(a)(1)(B)[1] claim and a § 1132(a)(3)[2] claim. (*See* D.N. 1, PageID # 3) If Quarles seeks a remedy under § 1132(a)(3), as he claims (D.N. 27, PageID # 797), then he also makes a concurrent § 1132(a)(3) claim.

Having found that Quarles raised a § 1132(a)(3) claim, the Court will dismiss it because Quarles failed to allege an injury separate and distinct from the denial of his benefits. (*See* D.N. 1) Nor did he allege any facts to support such an injury. (*See id.*, PageID # 2) ERISA provides for "appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Varity Corp.*, 516 U.S. at 512 (1996); *see* 29 U.S.C. § 1132(a)(3). As the Supreme Court explained in *Varity*, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for

---

[1] Section 1132(a)(1)(B) enables a participant or beneficiary of an insurance plan to bring a suit to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

[2] Section 1132(a)(3) on the other hand, "functions as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 513 (1996).

further equitable relief, in which case such relief normally would not be 'appropriate.'" 516 U.S. at 515.

An ERISA plaintiff may pursue a claim under § 1132(a)(3), but only when it "is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § [1132](a)(1)(B) is otherwise shown to be inadequate." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372-73 (6th Cir. 2015) (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-42 (6th Cir. 2007)). In *Myers v. Anthem Life Insurance Co.*, No. 3:14-cv-948-JHM, 2015 U.S. Dist. LEXIS 143475 (W.D. Ky. Oct. 22, 2015), the court dismissed the plaintiff's § 1132(a)(3) claim,[3] finding that it was "impossible for [it] to infer a plausible claim for relief under § 1132(a)(3)" because the complaint lacked "the necessary facts and allegations that should be included in a well-pled complaint." *Id.* at *7 (internal quotation marks omitted).

Here, as in *Myers*, Quarles alleges numerous flaws in Hartford's claims process, but only one injury: the denial of benefits. He contends that without discovery, it is impossible to determine what remedies are adequate. (D.N. 27, PageID # 797-800) But Quarles's alleged injury—the denial of benefits—can be remedied by § 1132(a)(1)(B), which allows Quarles "to recover benefits due to him." 29 U.S.C. § 1132(a)(1)(B). No discovery is necessary to make this determination. Thus, because Quarles has failed to alleged "an injury separate and distinct from the denial of benefits" or show why "the remedy afforded by Congress under § [1132](a)(1)(B) is . . . inadequate," the Court will dismiss his § 1132(a)(3) claim. *Rochow*, 780 F.3d at 372-73.

---

[3] The *Myers* Plaintiff's complaint also only alleged one "claim," which actually included a § 1132(a)(1)(B) claim and a § 1132(a)(3) claim. No. 3:14-cv-948-JHM, D.N. 1, PageID # 3. The language in Myers's complaint is identical to the language in Quarles's complaint. *Compare* No. 3:14-cv-948-JHM, D.N. 1, PageID # 3, *with* (D.N. 1, PageID # 3).

## IV. CONCLUSION

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Hartford's motion for partial judgment on the pleadings (D.N. 26) is **GRANTED**. Quarles's § 1132(a)(3) claim (D.N. 1, PageID # 3, para. 21 ("(a)(3) . . . to obtain other appropriate equitable relief including, but not limited to, surcharge") is **DISMISSED**.