UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EMMANUEL J. QUARLES,                                                                   Plaintiff,

v.                                                      Civil Action No. 3:15-cv-372-DJH-CHL

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,                                             Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Emmanuel J. Quarles filed this Employee Retirement Income Security Act (ERISA) action against Defendant Hartford Life & Accident Insurance Company after Hartford terminated his long-term disability benefits. (Docket No. 1) Quarles filed a motion to compel Hartford to respond to written discovery requests and to cooperate in scheduling depositions. (D.N. 30) Magistrate Judge Colin H. Lindsay issued a Memorandum Opinion and Order denying Quarles's motion to compel. (D.N. 38) Quarles timely objected to Judge Lindsay's ruling. (D.N. 40) For the reasons discussed below, Quarles's objections will be overruled.

**I.     BACKGROUND**

Quarles brought ERISA claims pursuant to 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3) to enforce the terms of his insurance policy and to obtain past benefits, future benefits, declaratory relief, and other equitable relief. (D.N. 1) Only his § 1132(a)(1)(B) claim remains in this action, as the Court previously dismissed his § 1132(a)(3) claim. (D.N. 37)

Quarles moved to compel Hartford to respond to requests for production and interrogatories concerning its affirmative defenses, the compensation and bonus structure for its claims and appeals personnel, its reasons for terminating his claim and denying his appeal, and its organizational structure. (D.N. 30) In his motion, Quarles also requested that the Court (1)

1

order Hartford to cooperate in scheduling depositions of a company representative pursuant to Federal Rule of Civil Procedure 30(b)(6); the person who signed his claim denial letter; and the person who signed his appeal denial letter and (2) impose sanctions on Hartford for refusing to respond to his discovery requests and to cooperate in scheduling depositions in good faith. (*Id.*) Judge Lindsay denied Quarles's motion to compel based on Hartford's supplemental discovery responses and stipulation that the Court would review its decision to terminate benefits de novo. (D.N. 38) Quarles objected to Judge Lindsay's order, arguing that Hartford's stipulation as to the standard of review did not alter its discovery obligations and that he was entitled to all of the requested discovery. (D.N. 40) Without seeking leave of Court, Hartford filed a response to Quarles's objections (D.N. 41), which the Court will disregard as it was filed in violation of the Joint Local Rules of Civil Practice. *See* LR 72.2 ("Unless directed by the Court, no party may file any response to a written objection [to a non-dispositive order of a magistrate judge].").

## II. STANDARD

Federal Rule of Civil Procedure 72(a) provides that the Court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The magistrate judge's factual findings are reviewed under the clearly erroneous standard." *Blackwell v. Liberty Life Assurance Co. of Boston*, No. 3:15-cv-376-DJH, 2017 WL 927239, at *2 (W.D. Ky. Mar. 8, 2017) (quoting *Scott-Warren v. Liberty Life Assurance Co. of Boston*, No. 3:14-CV-00738-CRS-CHL, 2016 WL 5661774, at *3 (W.D. Ky. Sept. 29, 2016)). "Clear error exists 'when the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 810 (6th Cir. 2015)). "On the other hand, the magistrate judge's legal conclusions are reviewed under the 'contrary to law' standard." *Id.* (quoting *Scott-Warren*, 2016 WL 5661774,

at *3). "A legal conclusion is contrary to law when it contradicts or ignores applicable legal principles found in the Constitution, statutes, and case precedent." *Id.* (quoting *Scott-Warren*, 2016 WL 5661774, at *3).

## III. ANALYSIS

### A. Discovery in ERISA Cases

"While parties in a civil action may generally obtain discovery regarding any unprivileged matter that is relevant to the claim or defense of any party, discovery is limited in cases arising under ERISA." *Moss v. Unum Life Ins. Co.*, 495 F. App'x 583, 596 (6th Cir. 2012). "In reviewing a denial of benefits claim, 'the district court [is] confined to the record that was before the Plan Administrator.'" *Id.* at 597 (quoting *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998)). "The district court should consider outside evidence 'only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrat[or] or alleged bias on its part.'" *Id.* (quoting *Wilkins*, 150 F.3d at 619 (Gilman, J., concurring)). Thus, the Court may allow limited discovery "when an ERISA claimant alleges bias by the plan administrator or a violation by the plan administrator of his or her due process rights." *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-00507-TBR, 2015 WL 7571905, at *2 (W.D. Ky. Nov. 24, 2015). In such cases, "appropriate areas of discovery include whether '(i) there is a history of biased claim denials; (ii) the employer has made measures to reduce bias and promote accuracy; and (iii) company policies reward or encourage denials.'" *Id.* at *3 (quoting *Kasko v. Aetna Life Ins. Co.*, 33 F. Supp. 3d 782, 788 (E.D. Ky. 2014)).

Hartford has stipulated to a de novo standard of review for purposes of this case. (D.N. 33) Judge Lindsay reasoned that because the Court would apply de novo review, "there [was] no

need for discovery regarding any factors internal to Hartford that may have influenced the persons who made the decision to terminate Quarles's long-term disability benefits or to deny his appeal." (D.N. 38, PageID # 1038) Judge Lindsay therefore denied the motion to compel Hartford to produce information on employee compensation, employee bonus and incentive structure, and company organization, as well as the deposition requests, because the requested materials were aimed at uncovering evidence of conflicts of interest and bias—concerns that were diminished by the Court's de novo review of Hartford's decisions. (*See id.*, PageID # 1042-43, 1045-47)

As Judge Lindsay noted (*id.*, PageID # 1029-30), it appears that the Sixth Circuit has not squarely addressed the relevance of conflict or bias discovery within the context of de novo review. However, trial courts within the Sixth Circuit typically conclude that potential conflicts of interest or bias are relevant only if the Court is applying arbitrary-and-capricious review. *See Sim v. Reliance Standard Life Ins. Co.*, No. 1:15-cv-390, 2016 WL 319868, at *1 n.1 (S.D. Ohio Jan. 26, 2016) ("It is appropriate for the Court to consider the applicable standard of review at this juncture because whether discovery is permitted to explore defendants' alleged bias is irrelevant if the standard of review is *de novo*."); *Smiertka v. Guardian Life Ins. Co. of Am.*, No. 1:12-CV-99, 2013 WL 1304498, at *6 (W.D. Mich. Mar. 28, 2013) (quoting *Daul v. PPM Energy, Inc.*, No. 08-CV-524-AC, 2010 WL 3945001, at *10 (D. Or. Oct. 6, 2010)) ("[I]n ERISA benefits cases, conflict of interest discovery can only be relevant if the standard of review is abuse of discretion. If . . . the standard of review is *de novo*, then conflict of interest discovery is irrelevant."); *Mulligan v. Provident Life & Accident Ins. Co.*, 271 F.R.D. 584, 588 n.5 (E.D. Tenn. 2011) ("An administrator's conflict of interest is relevant only if the administrator's decision is to be reviewed under the arbitrary and capricious standard of review."); *Guy v. Sun*

*Life Assurance Co. of Can.*, No. 10-CV-12150-DT, 2010 WL 5387580, at *1 (E.D. Mich. Dec. 22, 2010) ("If the standard of review is de novo, Defendant's decision-making, and its conflict of interest, becomes irrelevant. . . . If Plaintiff prevails in her argument that the court should conduct a de novo review of the administrative record, then her motion to compel becomes moot."); *McCollum v. Life Ins. Co. of N. Am.*, No. 10-11471, 2010 WL 5015394, at *2 (E.D. Mich. Dec. 3, 2010) ("[T]he court will review Plaintiff's denial of benefits *de novo*, so no discovery is needed on [the insurance company's] structural conflict of interest."); *Price v. Hartford Life & Accident Ins. Co.*, 746 F. Supp. 2d 860, 866 (E.D. Mich. 2010) ("If the standard of review is *de novo*, then the significance of the administrator's conflict of interest evaporates."); *Weidauer v. Broadspire Servs., Inc.*, No. C-3-07-097, 2008 WL 4758691, at *10 (S.D. Ohio Oct. 27, 2008) ("However, since a plan administrator's decision is accorded no deference or presumption of correctness when conducting a de novo review, whether there is a conflict of interest in this case is irrelevant."). In light of this well-reasoned and persuasive authority, and in the absence of guidance from the Sixth Circuit, Judge Lindsay's conclusion that no discovery is needed on Hartford's potential conflict of interest or bias was not contrary to law.[1] *See Blackwell*, 2017 WL 927239, at *2; *McCollum*, 2010 WL 5015394, at *2. (*See* D.N. 33) The Court will now address the specific areas of dispute in this case.

---

[1] Quarles points to cases from this district noting that regardless of the standard of review employed, the general rule—that the Court's review is limited to the administrative record *unless* the claimant alleges a violation of due process or bias (as Quarles does here)—remains the same. (D.N. 40, PageID # 1054-55) *See Owens v. Liberty Life Assurance Co. of Boston*, No. 4:15-CV-00071-JHM, 2016 U.S. Dist. LEXIS 51350, at *8 (W.D. Ky. Jan. 19, 2016); *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 510 (W.D. Ky. 2010). Those cases do not address the narrow issue here, however, of the relevance of conflict or bias discovery where it is undisputed that de novo review is to be applied. In *Owens*, the Court had not yet determined which standard of review to apply. *See* 2016 U.S. Dist. LEXIS 51350, at *5, *7-8. Therefore, it did not have occasion to determine the relevance of conflict discovery in a de novo review case, such as this one. And although the Court did not clarify the standard of review it would apply in

### B. Requests for Production and Interrogatories

#### 1. Affirmative Defenses

Quarles first asked the Court to compel Hartford to respond to requests for production and interrogatories concerning Hartford's affirmative defenses. (D.N. 30, PageID # 843) Judge Lindsay found that the sufficiency of Hartford's responses to these requests was no longer at issue in light of Hartford's supplemental responses. (D.N. 38, PageID # 1039-40) Quarles did not challenge that finding in his objection. The Court finds no clear error in Judge Lindsay's finding as to these requests. *See Blackwell*, 2017 WL 927239, at *2. Judge Lindsay properly denied the motion to compel these responses.

#### 2. Compensation and Bonus and Incentive Structure

Quarles also asked the Court to compel Hartford to respond to requests for production and interrogatories concerning the compensation and bonus structures for Hartford's claims and appeals personnel. (D.N. 30, PageID # 844) Specifically, Quarles asserted that Hartford should explain how its compensation practices "actually work." (*Id.*) Judge Lindsay reasoned that "[t]he rationale for permitting discovery in the area of employee compensation and bonus structure is that such discovery may uncover evidence of the impact of structural conflict of interest or bias." (D.N. 38, PageID # 1042-43) As discussed above, such evidence is irrelevant where, as here, the Court is applying de novo review. In his objection, Quarles cites two cases from this district in support of his requests (D.N. 40, PageID # 1055-56), but in both cases, the Court had not yet determined whether it would apply de novo or arbitrary and capricious review. *See Owens*, 2016 U.S. Dist. LEXIS 51350, at *5, *7-8; *Davis*, 2015 WL 7571905, at *11. The

---

*Mullins*, the Court there permitted discovery based upon the plaintiff's allegations of conflict of interest and bias in the absence of any argument that the standard of review rendered such discovery irrelevant. *See* 267 F.R.D. at 507, 509-10.

Court finds no clear error in Judge Lindsay's determination that the compensation and bonus and incentive information was sought in order to uncover conflict or bias evidence. Because the Court concludes that such evidence is irrelevant here, under de novo review, the motion to compel these responses was properly denied.

### 3. Reasons for Claim Termination and Appeal Denial

Quarles's motion further sought to compel Hartford to respond to interrogatories concerning its specific reasons for terminating his claim and denying his appeal. (D.N. 30, PageID # 844-45) As with the affirmative defenses, Judge Lindsay found that the sufficiency of Hartford's responses to these interrogatories was no longer at issue in light of Hartford's supplemental responses. (D.N. 38, PageID # 1043-44) Quarles did not challenge that finding in his objection. The Court finds no clear error in Judge Lindsay's finding, *see Blackwell*, 2017 WL 927239, at *2.

### 4. Organizational Structure

The final set of discovery responses Quarles seeks to compel concerns the organizational structure of Hartford's claims and appeals units. (D.N. 30, PageID # 845-46) As with the requested employee compensation, bonus, and incentive discovery, Judge Lindsay reasoned that "the rationale for compelling an ERISA defendant to produce organizational charts such as those requested by Quarles is that the information may aid the plaintiff in developing evidence of the influence of a structural conflict of interest or bias on the denial of benefits or appeal." (D.N. 38, PageID # 1045) Quarles did not specifically address his organizational-structure requests in his objection, and the Court finds no clear error in Judge Lindsay's determination that the requested information was sought to uncover evidence of a conflict of interest or bias. Because such

evidence is irrelevant under the standard of review to be applied here, the motion to compel was properly denied.

   C.   **Depositions**

In addition, Quarles argued in his motion to compel that he was entitled to depose three individuals: a company representative pursuant to Federal Rule of Civil Procedure 30(b)(6), the person who signed his claim denial letter, and the person who signed his appeal denial letter. (D.N. 30, PageID # 846)  Judge Lindsay denied the deposition requests, reasoning that the plaintiff sought the depositions in support of an effort to expose a conflict of interest. (D.N. 38, PageID # 1046-47)  He concluded that such a conflict, even if it exists, would not affect the Court's de novo review of the case at hand. (*Id.*)  In support of his deposition requests, Quarles cites three cases from this district in which the Court allowed ERISA plaintiffs to take similar depositions based upon the plaintiffs' allegations of conflict of interest.  *See Owens*, 2016 U.S. Dist. LEXIS 51350, at *2, *43-44 (ordering that the plaintiff could take depositions of persons who signed the decisions denying her claim and appeal in a case where the plaintiff alleged a conflict of interest); *Davis*, 2015 WL 7571905, at *12-13 (granting a motion to compel depositions where the plaintiff alleged a structural conflict of interest); *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 418-19 (W.D. Ky. 2015) (same).  But unlike this case, none of the cited cases addressed whether such discovery was necessary when the Court would apply the de novo standard to its review of the carrier's decisions.  *See Owens*, 2016 U.S. Dist. LEXIS 51350, at *5, *7-8 (standard of review not yet determined); *Davis*, 2015 WL 7571905, at *11 (same); *Gluc*, 309 F.R.D. at 408-19 (no discussion of standard of review).

In this case, it is now undisputed that the Court will apply de novo review. (*See* D.N. 33) Because conflict evidence is irrelevant in a de novo review case, such as this one, Judge Lindsay properly denied Quarles's requests for these depositions.

**D.     Sanctions**

Finally, Quarles's motion to compel sought sanctions against Hartford for failure to respond to written discovery requests and to cooperate in scheduling depositions. (D.N. 30, PageID # 846-49) Judge Lindsay determined that sanctions were not warranted because he had denied Quarles's motion to compel and Hartford's arguments regarding conflict discovery were substantially justified. (D.N. 38, PageID # 1051) Federal Rule of Civil Procedure 37(a)(5)(A)(ii) provides:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified . . . .

Fed. R. Civ. P. 37(a)(5)(A)(ii). Rule 37(a)(5)(B) further provides:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

The Court agrees with Judge Lindsay's decision to deny Quarles's motion to compel. Hartford provided some of the requested discovery after this motion was filed, however, as it agreed to supplement responses to select discovery requests. (*See* D.N. 34, PageID # 931, 935-37, 942) Nonetheless, the Court will not order either party here to pay the other's reasonable

9

expenses and attorney's fees because both parties' arguments were substantially justified for purposes of Rule 37. A motion or objection is substantially justified "if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). As another judge in this district has recognized, "district courts have . . . var[ied] in their opinions concerning when discovery is available outside of the administrative record [in ERISA denial-of-benefits actions]." *Davis*, 2015 WL 7571905, at *2; *see also supra* Section III.A. Sanctions are inapposite under these circumstances. *See Ham v. Marshall Cty., Ky.*, No. 5:11-CV-11, 2012 WL 4340655, at *1 (W.D. Ky. Sept. 21, 2012) (finding that sanctions were not warranted where the defendants' refusal to disclose information "appear[ed] grounded in a good faith belief they were legally entitled to do so"). The request for sanctions was properly denied.

## IV. CONCLUSION

In sum, the Court finds no clear error in Judge Lindsay's factual findings, nor does it find that any of his legal conclusions were contrary to law. *See Blackwell*, 2017 WL 927239, at *2. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1) Quarles's objection (D.N. 40) is **OVERRULED**.

(2) This matter is **REFERRED** to Magistrate Judge Colin H. Lindsay for a status conference.

January 23, 2018

**David J. Hale, Judge**
**United States District Court**